1
2
3
4
5
6
7
8
9
10

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

11

12   AMAZON.COM, INC., and AMAZON
     FULFILLMENT SERVICES, INC., Delaware
13   corporations,

14                           Plaintiffs,

15        v.

16   CP TRANSPORT, INC., a Florida corporation,

17                           Defendant,
          and
18
     COYOTE LOGISTICS, LLC, a Delaware limited
19   liability company,

20                    Intervenor/Defendant.

The Honorable Theresa B. Doyle

NO. 11-2-40771-3 SEA

**NOTICE OF REMOVAL**

21

22        YOU ARE HEREBY NOTIFIED that on January *17*, 2012, Intervenor/Defendant

23   Coyote Logistics, LLC ("Coyote"), filed in the U.S. District Court for the Western District of

24   Washington its Notice of Removal of the above-captioned cause of action.  A copy of the

25   Notice of Removal is attached hereto.

26   /////

NOTICE OF REMOVAL - 1



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

674385.01

DATED this 17th day of January, 2012.

RYAN, SWANSON & CLEVELAND, PLLC

By _____
John R. Ruhl, WSBA #8558
Attorneys for Intervenor/Defendant

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
ruhl@ryanlaw.com

NOTICE OF REMOVAL - 2

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

# Exhibit 1

FILED

11 NOV 28 PM 3:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON FULFILLMENT SERVICES, INC., Delaware Corporations, <br><br> Plaintiffs, <br><br> v. <br><br> CP TRANSPORT INC., A Florida Corporation <br><br> Defendant. | Cause No.: <br><br> **COMPLAINT** |

Plaintiffs, Amazon.com, Inc. ("Amazon") and Amazon Fulfillment Services, Inc. ("AFSI"), for their Complaint against the above-named defendant, allege upon information and belief:

### JURISDICTION AND VENUE

1.      Jurisdiction and venue in this matter are conferred by RCW 2.08.010 and RCW 4.12.025(3).

### PARTIES

2.      At all times hereinafter mentioned, Amazon and AFSI were and are Delaware corporations authorized to do business, and doing business, in the State of Washington, and having their principal place of business in Seattle, Washington. Amazon and AFSI are affiliates of each other

COMPLAINT - 1

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

and are parties to the Agreement with defendant.

3.      At all times hereinafter mentioned, defendant CP TRANSPORT INC. ("CP") was and is a Florida corporation engaged in the interstate motor carriage of goods for hire.  CP does business within the State of Washington, has an agent for service of process in Yakima, Washington, and this lawsuit arises out of CP's conduct of business within this State.

## FACTS

4.      On or about November 24, 2009 in Sumner, Washington, CP took possession of a 53 foot long container loaded with a cargo of Amazon's goods and signed bill of lading number 11242009-3, confirming receipt of the goods in good order.

5.      After receiving and signing for the cargo, the truck driver departed Sumner, Washington driving a 1996 Freightliner tractor with Florida license plate 76966F, identified as truck number 443, and hauling the 53 foot container on a trailer bearing Florida license plate 5581CE, identified as trailer number 6016.

6.      On or about November 28, 2009 at or about shortly after midnight, the truck and trailer were parked at a truck stop in Troy, Illinois and left by the driver unlocked, running and unattended for approximately one and a half hours. When the driver returned to where he had left the truck, trailer and cargo, it was gone and he reported it stolen to the Troy Police Department.

7.      After the loss was reported, Amazon and its insurers incurred reasonable investigation expenses in an effort to mitigate their losses by locating and recovering the stolen goods. With the help of private investigators and law enforcement agencies in South Florida, a quantity of the stolen goods was recovered, some of which were damaged and required refurbishment.

8.      After deducting the fair market value of the recovered undamaged goods, and the fair market value of the recovered damaged goods that were refurbished, Amazon's cargo loss was

COMPLAINT - 2

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL  206-838-7555
FAX: 206-838-7515

1   mitigated to ONE MILLION FOUR HUNDRED FIFTY FOUR THOUSAND THREE HUNDRED

2   FORTY SIX DOLLARS ($1,454,346.00), which represents the fair market value of the missing goods

3   plus the lost market value of the damaged goods (eight units in all) that were refurbished.

4   Additionally, Amazon and its insurers incurred reasonable costs of investigating, recovering and

5   shipping the recovered goods. The remaining stolen goods were not located and are still missing.

6

7       9.      On or about January 28, 2010, Amazon timely provided written notice of claim to CP

8   pursuant to 49 U.S.C. § 14706(e) and 49 C.F.R. § 370.3, but CP has since failed and refused to pay the

9   claim. The amount sought in this lawsuit is less than the amount initially claimed by Amazon because,

10  as alleged in paragraphs 7 and 8 above, a portion of the stolen cargo was located and recovered

11  subsequent to providing written notice of claim to Coyote.

12

13              **FIRST CAUSE OF ACTION:**

14              **[CLAIM FOR LOSS 49 U.S.C. § 14706]**

15      10.     Amazon re-states, re-alleges and incorporates by references as though fully set forth

16  herein, paragraphs 1 – 9 of the Complaint.

17      11.     CP agreed pursuant to the Bill of Lading to transport the goods for Amazon.

18      12.     Amazon delivered the cargo to CP in good condition.

19      13.     CP confirmed receipt of the cargo in good condition by signing bill of lading number

20  11242009-3.

21      14.     As a result of the negligence and/or misconduct of CP, Amazon's cargo was stolen and

22  Amazon suffered damages in the amount of ONE MILLION FOUR HUNDRED FIFTY FOUR

23  THOUSAND THREE HUNDRED FORTY SIX DOLLARS ($1,454,346.00), plus reasonable costs of

24  investigating, recovering, repairing and shipping the recovered goods, plus freight for the original

25  carriage, in a total amount to be determined at trial.

26      15.     Under 49 U.S.C. § 14706(a)(1) and the Agreement, CP is liable to Amazon for the full,

COMPLAINT - 3

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

6

1   actual loss or injury to Amazon due to the theft of its goods as measured by their fair market value at

2   destination because their loss is attributable to the negligence and/or misconduct of CP.

3   **SECOND CAUSE OF ACTION:**

4   **[BREACH OF CONTRACT]**

5       16.    Amazon re-states, re-alleges and incorporates by references as though fully set forth

6   herein, paragraphs 1 – 13 of the Complaint.

7       17.    Pursuant to the Bill of Lading, CP entered into a contract of carriage in which it

8   promised to deliver the goods to Amazon in the same good order and condition in which they were

9   received.

10       18.    PC breached the contract of carriage by failing to deliver the goods in the same good

11   order and condition, causing damage to Amazon in the amount of at least ONE MILLION FOUR

12   HUNDRED FIFTY FOUR THOUSAND THREE HUNDRED FORTY SIX DOLLARS

13   ($1,454,346.00) plus reasonable costs of investigating, recovering, repairing and shipping the

14   recovered goods, plus freight for the original carriage, in a total amount to be determined at trial.

15   **THIRD CAUSE OF ACTION:**

16   **[TORT]**

17       19.    Amazon re-states, re-alleges and incorporates by references as though fully set forth

18   herein, paragraphs 1 – 13 of the Complaint.

19       20.    Amazon entrusted its goods to the safekeeping of CP.

20       21.    CP owed Amazon a duty of care.

21       22.    CP breached that duty of care and as a direct and proximate result Amazon's goods

22   were stolen and Amazon was damaged in the amount of at least ONE MILLION FOUR HUNDRED

23   FIFTY FOUR THOUSAND THREE HUNDRED FORTY SIX DOLLARS ($1,454,346.00) plus

24   reasonable costs of investigating, recovering, repairing and shipping the recovered goods, plus freight

25   for the original carriage, in a total amount to be determined at trial.

26   //

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

COMPLAINT - 4

1

## PRAYER FOR RELIEF

2   WHEREFORE, Plaintiffs pray for judgment against defendant as follows:

3       1.      For damages in an amount to be determined at the time of trial;

4       2.      For prejudgment and post-judgment interest in an amount allowed by law;

5       3.      For attorneys' fees, costs and expenses of suit as allowable by law; and,

6       4.      For such other relief as the Court may deem just and proper.

7   DATED this 28th day of November, 2011.

8

9                           NICOLL BLACK & FEIG PLLC

10

11                          _Christopher W. Nicoll_ (signature)
                            Christopher W. Nicoll, WSBA No. 20771
12                          Larry E. Altenbrun, WSBA No. 31475
                            Counsel for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

COMPLAINT - 5

FILED

11 NOV 28 PM 3:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON FULFILLMENT SERVICES, INC. | NO.  11-2-40771-3    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| CP TRANSPORT, INC. | ASSIGNED JUDGE  Doyle                    13 |
| | FILE DATE:                      11/28/2011 |
| Defendant(s) | TRIAL DATE:                   05/13/2013 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (***Schedule***) on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____

Print Name                                       Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                         REV. 12/08    1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                    REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 11/28/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Mon 05/07/2012 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Mon 05/07/2012 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | Mon 05/21/2012 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon 12/10/2012 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Tue 01/22/2013 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon 02/04/2013 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | Mon 02/04/2013 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon 03/25/2013 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon 04/15/2013 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon 04/22/2013 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*]. | Mon 04/22/2013 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon 04/29/2013 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon 05/06/2013 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 05/06/2013 | * |
| Trial Date [*See KCLCR 40*]. | Mon 05/13/2013 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   11/28/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

### B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

*C.    Form*

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

—————————————————————
**PRESIDING JUDGE**

FILED

11 NOV 28 PM 3:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON FU | NO.  11-2-40771-3 SEA |
| VS | |
| CP TRANSPORT, INC. | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(COM) -**      CONTRACT/COMMERCIAL

AREA DESIGNATION

**SEATTLE -**    Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

15

FILED

11 NOV 28 PM 3:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

AMAZON.COM, INC. and AMAZON
FULFILLMENT SERVICES, INC., Delaware
corporations,

        Plaintiffs,

    vs.

CP TRANSPORT, INC., a Florida corporation,

        Defendant.

Cause No.:

**SUMMONS**

**TO:**   **CP TRANSPORT, INC.**
       **c/o Jose E. Cordova**
       **1552 SW 187 Terrace**
       **Pembroke Pines, FL 33029**

    A lawsuit has been started against you in the above-entitled court by above-named plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what it

SUMMONS- 1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

16

1   asks for because you have not responded.  If you serve a notice of appearance on the undersigned

2   person, you are entitled to notice before a default judgment may be entered.

3       If you wish to seek the advice of an attorney in this matter, you should do so promptly so that

4   your written response, if any, may be served on time.

5       This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of

6   Washington.

7

        DATED this 28th day of November, 2011.

8

9   NICOLL BLACK & FEIG PLLC

10

    _/s/ Christopher W. Nicoll_____

11  Christopher W. Nicoll, WSBA No. 20771
    Counsel for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS- 2

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

FILED

11 NOV 28 PM 3:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

AMAZON.COM, INC. and AMAZON
FULFILLMENT SERVICES, INC., Delaware
corporations,

        Plaintiffs,

    vs.

CP TRANSPORT, INC., a Florida corporation,

        Defendant.

Cause No.:

**SUMMONS**

**TO:    CP TRANSPORT, INC.**
       **c/o Jose E. Cordova**
       **1552 SW 187 Terrace**
       **Pembroke Pines, FL 33029**

    A lawsuit has been started against you in the above-entitled court by above-named plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what it

SUMMONS- 1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

18

1    asks for because you have not responded.  If you serve a notice of appearance on the undersigned

2    person, you are entitled to notice before a default judgment may be entered.

3           If you wish to seek the advice of an attorney in this matter, you should do so promptly so that

4    your written response, if any, may be served on time.

5           This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of

6    Washington.

7

           DATED this 28th day of November, 2011.

8

9    NICOLL BLACK & FEIG PLLC

10

11   */s/ Christopher W. Nicoll*
     Christopher W. Nicoll, WSBA No. 20771
12   Counsel for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS- 2

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

FILED

11 DEC 13 AM 11:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

AMAZO.COM, INC., and AMAZON FULFILLMENT
SERVICES, INC., Delaware corporations,

                              Plaintiffs,

    v.

CP TRANSPORT, INC., a Florida corporation,

                              Defendant.

The Honorable Theresa B. Doyle

NO. 11-2-40771-3 SEA

**NOTICE FOR HEARING
SEATTLE COURTHOUSE ONLY**
(Clerk's Action Required) (NTHG)

**TO:**    **THE CLERK OF THE COURT** and to all other parties listed on Page 2:
       **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is directed to note this issue on the calendar checked below.

Calendar Date:    December 21, 2011                          Day of Week:    Wednesday
Nature of Motion:    Coyote Logistics, LLC's Motion to Intervene

| **CASES ASSIGNED TO INDIVIDUAL JUDGES** - Seattle |
|---|
| If oral argument on the motion is allowed (LCR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice. **Working Papers:** The *judge's name*, date and time of hearing *must* be noted in the upper right corner of the Judge's copy. *Deliver Judge's copies to Judges' Mailroom at C203.* |
| ☒ Without oral argument (Mon-Fri)    ☐ With oral argument Hearing |
| Date/Time: [date & time of hearing w oral argument] |
| Judge's Name: Theresa B. Doyle        Trial Date: [trial date] |

| **CHIEF CRIMINAL DEPARTMENT** – Seattle in E1201 |
|---|
| ☐ Bond Forfeiture 3:15 pm, 2nd Thur of each month |
| ☐ Certificates of Rehabilitation-Weapon Possession **(Convictions from Limited Jurisdiction Courts)** 3:30 pm, first Tues of each month |

| **CHIEF CIVIL DEPARTMENT** - Seattle - (Please report to W864 for assignment) |
|---|
| *Deliver working copies to Judges' Mailroom, Room C203. In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing* |
| ☐ Extraordinary Writs (Show Cause Hearing) (LCR 98.40)    1:30 p.m. Tues/Wed-report to Room W864 |
| ☐ Supplemental Proceedings    (1:30pm Tues/Wed)(LCR 69) |
| ☐ Motions to Consolidate with multiple judges assigned (LCR 40(b)(4) (without oral argument) M-F) |
| ☐ Structured Settlements    (1:30pm Tues/Wed)(LCR 40(2)(S)) |

| **Non-Assigned Cases:** |
|---|
| ☐ Non-Dispositive Motions M-F (without oral argument) |
| ☐ Dispositive Motions and Revisions (1:30pm Tues/Wed) |
| ☐ Certificates of Rehabilitation **(Employment)** 1:30 pm Tues/Wed (LCR 40(b)(2)(B)) |

**You may list an address that is not your residential address where you agree to accept legal documents**

Sign: *John R Ruhl*           RYAN, SWANSON & CLEVELAND, PLLC
Print/Type Name: John R. Ruhl, WSBA # 8558    1201 Third Avenue, Suite 3400, Seattle, WA 98101-3034
Attorney for: Coyote Logistics, LLC   Date: 12/12/11    Telephone: (206) 464-4224/Facsimile: (206) 583-0359

NOTICE FOR HEARING - SEATTLE COURTHOUSE ONLY
ICSEA031407 - 1 of 2

671460.01



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

**DO NOT USE THIS FORM FOR FAMILY LAW OR EX PARTE MOTIONS**

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
|---|

Name:  Christopher W. Nicoll
Service Address:    1325 Fourth Avenue, Suite 1650
Seattle, WA 98101
WSBA # 20771     Atty For: Plaintiff
Telephone: 206-838-7555

Name:
Service Address:

WSBA #          Atty For:
Telephone:

Name:
Service Address:

WSBA #          Atty For:
Telephone:

Name:
Service Address:

WSBA #          Atty For:
Telephone:

Name:
Service Address:

WSBA #          Atty For:
Telephone:

Name:
Service Address:

WSBA #          Atty For:
Telephone:

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice.  List names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue.  The Clerk's Office is on the sixth floor, Room E609.  The Judges' Mailroom is Room C203.

NOTICE FOR HEARING - SEATTLE COURTHOUSE ONLY
ICSEA031407 - 2 of 2
671400 01



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

FILED

11 DEC 13 AM 11:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

3

4

5

6

7

8              SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

9

10   AMAZON.COM, INC., and AMAZON
     FULFILLMENT SERVICES, INC., Delaware
     corporations,                                 NO. 11-2-40771-3 SEA
11

12                              Plaintiffs,        **COYOTE LOGISTICS, LLC'S**
                                                   **MOTION TO INTERVENE**
13         v.

14   CP TRANSPORT, INC., a Florida corporation,

15                              Defendant.

16         **1.    INTRODUCTION AND RELIEF SOUGHT**

17         Pursuant to Civil Rule 24(a)(2) and Civil Rule 24(b)(2), Coyote Logistics, LLC

18   ("**Coyote**") moves the Court for an Order allowing Coyote to Intervene as a Defendant and

19   Third-Party Plaintiff in this action, and also allowing Coyote to file and serve its proposed

20   Answer, Affirmative Defenses and Third-Party Complaint, which is attached as an exhibit to

21   the accompanying Declaration of John Ruhl pursuant to Civil Rule 24(c).

22         This lawsuit is the second action ("**Second Action**") that the Plaintiffs have filed

23   during the past six months that involves claims stemming from the loss of a portion of a

24   truckload of Plaintiff Amazon.com, Inc.'s Kindle reading devices that were en route from

25   Seattle, Washington, to New Castle, Delaware.

26

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 1

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

671133.03

Coyote is the freight broker that arranged for the transportation of the shipment for the Plaintiffs.

The Defendant herein, CP Transport, Inc. ("**CP Transport**"), is the motor carrier that had possession of the freight at the time of the loss.

The Plaintiffs' statutory and negligence claims against CP Transport in this Second Action are identical to the statutory and negligence claims that the Plaintiffs asserted against Coyote in an action initiated in May 2011 with this Court (the "**May 2011 Action**"). In that pending action, Coyote has asserted the Plaintiffs' statutory and negligence claims as third-party claims against CP Transport.

Coyote is entitled to intervene as a matter of right pursuant to Civil Rule 24(a)(2) because Coyote cannot rely upon CP Transport to protect Coyote's interest with respect to the Plaintiffs' freight-loss claims, and because the Court's disposition of the Plaintiffs' statutory and negligence claims in this Second Action may as a practical matter impair or impede Coyote's ability to defend itself against the Plaintiffs' identical claims against Coyote in the May 2011 Action.

Additionally, Coyote is entitled to intervene pursuant to Civil Rule 24(b)(2) because Coyote's claims, defenses and third-party claims have questions of law and fact in common with the claims asserted by the Plaintiffs in this case.

Assuming that the Court grants Coyote's Motion to Intervene, Coyote intends to file a further Motion to stay the proceedings in in this Second Action temporarily pending the adjudication of the parties' identical claims and third-party claims in the May 2011 Action.

## 2.    FACTS

### A.    The Shipment

In November, 2009, Coyote arranged with CP Transport for transportation of a 53-foot long container loaded with approximately 12,000 Kindle electronic reading devices owned by

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 2

671133.03

 Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464:4224 | Fax 206.583.0359

Amazon.com, Inc. ("**Amazon**") from Seattle to New Castle, Delaware.  The Plaintiffs' Complaints in both actions allege that on or about November 24, 2009, CP Transport's driver departed Seattle with the load.[1]

On or about November 28, 2009, at a truck stop in Troy, Illinois, CP Transport's driver reported to local police that his truck and its trailer had been stolen.[2]

## B.  Plaintiffs' May 2011 Action

On May 13, 2011, the Plaintiffs commenced the May 2011 Action in this Court as case no. 11-2-17491-3 SEA.

The Complaint alleges claims against Coyote pursuant to the Federal Carmack Amendment, 49 U.S.C. § 14706; pursuant to a negligence theory; and pursuant to a transportation agreement between Amazon and Coyote.[3]  The Complaint alleges that after allowing credit for the recovery of a portion of the stolen goods, judgment should be awarded against Coyote in the amount of $1,454,346.00

> plus reasonable costs of investigating, recovering, repairing and shipping the recovered goods, plus freight for the original carriage, in a total amount to be determined at trial.[4]

On June 17, 2011, Coyote timely removed the May 2011 Action from the King County Superior Court to the U.S. District Court for the Western District of Washington, where it is now pending as case no. 2:11-cv-01015-RSL.[5]

---

[1] See ¶ 7 of the Complaint filed in the May 2011 Action (attached as **Exhibit 1** to the accompanying Ruhl Declaration; and ¶4 of the Complaint filed in this Second Action (attached as **Exhibit 6** to the Ruhl Declaration).

[2] See ¶ 9 of the Complaint filed in the May 2011 Action (**Exhibit 1** to the Ruhl Declaration); and ¶ 6 of the Complaint filed in this Second Action (**Exhibit 6** to the Ruhl Declaration).

[3] See ¶¶ 13-19 of the Complaint filed in the May 2011 Action (**Exhibit 1** to the Ruhl Declaration).

[4] See ¶ 17 of the Complaint in the May 2011 Action (**Exhibit 1** to the Ruhl Declaration).

[5] A copy of the Notice of Removal to Adverse Party and Superior Court is attached as **Exhibit 2** to the Ruhl Declaration.  The removed action is now pending in the U.S. District Court for the Western District of Washington as case no. 2:11-cv-01015-RSL.

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 3


Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

671133.03

On July 1, 2011, Coyote filed its Answer and Affirmative Defenses.  Coyote also asserted a Third-Party Complaint against CP Transport, requesting a judgment in Coyote's favor and against CP Transport for:

> the full amount of the damages that Coyote has sustained or will sustain as a proximate result of the theft of the shipment, which amount is not less than the amount of any Judgment that Plaintiffs Amazon and AFS may obtain against Coyote in this case. [6]

On November 21, 2011, the Plaintiffs filed with the U.S. District Court their First Amended Complaint.[7]

On November 30, 2011, Coyote filed its Answer and Affirmative Defenses to the Plaintiffs' Amended Complaint, as well as Coyote's Amended Third–Party Complaint Against CP Transport, Inc.[8]

U.S. District Court Judge Robert S. Lasnik is administering the discovery and other pretrial proceedings in the May 2011 Action and has scheduled this case for trial for January 30, 2013.[9]

## C.   Plaintiffs' Second Action

On November 28, 2011, one week after having filed its Amended Complaint in the May 2011 Action, and without providing notice to Coyote, the Plaintiffs initiated this Second Action in this Court.[10]

---

[6] See ¶ Coyote's Answer, Affirmative Defenses and Third-Party Complaint (Federal Court Dkt. No. 10), at p. 10-11.  A copy of that pleading is attached as **Exhibit 3** to the Ruhl Declaration.

[7] Amazon's and AFS's First Amended Complaint (Federal Court Dkt. No. 21) is attached as **Exhibit 4** to the Ruhl Declaration.

[8] Coyote's Answer and Affirmative Defenses to the Amended Complaint and Amended Third–Party Complaint Against CP Transport, Inc. is attached as **Exhibit 5** to the Ruhl Declaration.

[9] Minute Order Setting Trial Date and Related Dates (Federal Court Dkt. No. 19), attached as **Exhibit 6** to the Ruhl Declaration.

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 4

671133.03



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

Just like the Plaintiffs' Amended Complaint filed a week earlier in the May 2011 Action, the Plaintiffs' Complaint in this Second Action alleges a Federal statutory claim pursuant to the Carmack Amendment, 49 U.S.C. § 14706, as well as a negligence claim, but this time the only named Defendant is CP Transport.   The following table quotes the paragraphs containing the duplicate Carmack Amendment claims and negligence claims that Amazon is asserting in both the May 2011 Action and this Second Action:

|  | Amended Complaint in May 2011 Action | Complaint in This Second Action |
|---|---|---|
| Duplicate Carmack Amendment Claims | Par. 20. <u>Under 49 U.S.C. ¶ 14706(a)(1)</u>... Coyote is liable to Amazon for the <u>full, actual loss or injury to Amazon</u> due to the theft of its goods as measured by their fair market value at destination because their loss is attributable to the <u>negligence and/or misconduct of Coyote or its ... agents, affiliates or subcontractors, including Carriers [i.e., CP Transport]</u>. [emphasis added] | Par. 20. <u>Under 49 U.S.C. ¶ 14706(a)(1)</u>... CP [Transport] is liable to Amazon for the <u>full, actual loss or injury to Amazon</u> due to the theft of its goods as measured by their fair market value at destination because their loss is attributable to the <u>negligence and/or misconduct of CP [Transport]</u>. [emphasis added] |
| Duplicate Negligence Claims | Par. 26. <u>As a result of the negligence and/or misconduct of Coyote or its ... carriers [i.e., CP Transport]</u>, Amazon's cargo was stolen and Amazon suffered damages in the amount of <u>$1,454,346.00, plus reasonable costs of investigating, recovering, repairing and shipping the recovered goods, plus freight for the original carriage, in a total amount to be determined at trial</u>. [emphasis added] | Par. 22. <u>CP [Transport] breached [its] duty of care</u> and as a direct and proximate result ... Amazon was damaged in the amount of at least <u>$1,454,346.00 plus reasonable costs of investigating, recovering, repairing and shipping the recovered goods, plus freight for the original carriage, in a total amount to be determined at trial</u>. [emphasis added] |

Pursuant to Civil Rule 24(a)(2) and Civil Rule 24(b)(2), Coyote now moves the Court for an Order allowing it to intervene as a Defendant in this Second Action.

---

[10] The Plaintiffs' Complaint in this Second Action is attached as **Exhibit 7** to the Ruhl Declaration.

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 5



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

671133.03

### 3.   ISSUES

The issues are:

(1)    Whether Coyote is entitled as a matter of right under Civil Rule 24(a)(2) to intervene as a Defendant and Third-Party Plaintiff, inasmuch as: (1) Coyote cannot rely upon CP Transport to protect Coyote's interest with respect to the Plaintiffs' statutory and negligence claims, and (2) the Court's disposition of the Plaintiffs' statutory and negligence claims in this action may as a practical matter impair or impede Coyote's ability to defend itself against the Plaintiffs' identical claims against Coyote in the May 2011 Action.

(2)    Whether Coyote is entitled to intervene pursuant to Civil Rule 24(b)(2) because Coyote's claims, defenses and third-party claims have questions of law and fact in common with the claims asserted by the Plaintiffs in this case.

### 4.   EVIDENCE RELIED UPON

Coyote's Motion is based upon the accompanying Declaration of John R. Ruhl and the attachments to that declaration.

### 5.   AUTHORITY AND ARGUMENT

**A.    Applicable Legal Grounds for Intervention**

As explained further below, Coyote has a right to intervene in this action under Civil Rule 24(a)(2), which provides, in relevant part:

> (a)  **Intervention of Right.**  Upon timely application anyone <u>shall be permitted to intervene</u> in an action: … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that <u>the disposition of the action may as a practical matter impair or impede his ability to protect that interest,</u> unless the applicant's interest is adequately represented by existing parties. [emphasis added]

Coyote also should be allowed to intervene in this action under Civil Rule 24(b)(2), which provides, in relevant part:

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 6

671133.03



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ... [emphasis added]

**B.      CP Transport and Coyote Are Exposed to the Risk of Inconsistent Judgments**

Facing the Plaintiffs' two separate lawsuits in two different courts based on identical facts, CP Transport and Coyote are at risk of being subject to inconsistent judgments, namely: (1) any judgment(s) that may be entered by Judge Lasnik on the Plaintiffs' claims and on Coyote's third-party claims in the May 2011 Action; versus (2) any judgment that may be entered by this Court on the Plaintiffs' claims in this Second Action.

The explanatory comments to Fed.R.Civ.P. 14, which governs third-party practice in the Federal Courts, state that a "third party defendant [here, CP Transport] is bound by the adjudication of the Third-Party Plaintiff's liability to the Plaintiff, as well as of his own to the Plaintiff, or to the Third-Party Plaintiff." [11]

What that means here is that CP Transport and Coyote are exposed to the possibility of judgments in the May 2011 Action, and any such judgments may be inconsistent with any judgment that may be granted by this Court in this Second Action, even though both actions involve identical facts and identical negligence claims.   Coyote's Motion to Intervene therefore should be granted.

**C.      Coyote and CP Transport May Be Subject to Assertions of Collateral Estoppel**

Not only is there a risk of inconsistent judgments.  If the Plaintiffs obtain a judgment in either action, and irrespective of which action is adjudicated first, they can be expected to

---

[11]   Comment to 1946 Amendment to Fed.R.Civ.P. 14.

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 7

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

671133.03

28

argue that that both CP Transport and Coyote should be collaterally estopped from re-litigating the amount of the damages reflected in the earlier-obtained judgment.[12]

At this stage it is not possible to predict with certainty whether a judgment might be issued in either action, or if so whether this Court or the U.S. District Court later might determine that collateral estoppel is applicable with respect to which claims. But certainty is not required to be shown. Civil Rule 24(a)(2) requires an intervenor to show only that "the disposition of the action *may* as a practical matter impair or impede his ability to protect" the intervenor's interest.

It must be emphasized that this is an especially dangerous situation for Coyote because it is not known if CP Transport will appear and defend itself in this action, or if Amazon may obtain a judgment against CP Transport by default. To date CP Transport has not appeared or filed an Answer to Coyote's Third-Party Complaint in the May 2011 Action. Under Washington case law, a party can be collaterally estopped from re-litigating issues that have been determined in a previous default judgment against that party.[13]

In sum, it appears that the Plaintiffs' strategy may be to argue that Coyote and CP Transport should be collaterally estopped from litigating any issues that CP Transport might already have conceded by default in this Second Action. Under the circumstances, the only way Coyote can protect its interests is to move to intervene in this Second Action. For that

---

[12] The general rule is that collateral estoppel applies when: (1) the previously-decided issue is identical with the one presented in the action in question; (2) there was a final judgment or similar decision on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the prior adjudication; and (4) application of the doctrine does not work an injustice on the party against whom the doctrine will be applied. *Cunningham v. State*, 61 Wn.App. 562, 566, 811 P.2d 225 (1991). For purposes of this rule, a "final judgment" includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.*, at 567 [held, partial summary judgment order granted in earlier settled case was sufficiently firm and "final" to satisfy requirements of collateral estoppel].

[13] *Seattle National Bank v. School District,* 20 Wash. 368, 55 Pac. 317 (1898).

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 8

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

671133.03

reason, Coyote's Motion to Intervene as a Defendant and Third-Party Plaintiff in this Second Action should be granted.

**D.    Coyote Intends to Move to Stay the Proceedings Temporarily in This Second Action**

Assuming that this Court will grant Coyote's Motion to Intervene, Coyote intends to file a further Motion to stay the proceedings in this case temporarily until the Plaintiffs' May 2011 Action has been finally adjudicated.

The Washington Court has stated, "The power to stay proceedings is incidental to the power inherent in every Court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[14]

As matter of comity, if a Court determines that its exercise of jurisdiction would disturb or hinder another Court in its process of adjudicating identical claims already pending in the other Court, then the Court has the discretion to stay the proceedings to allow the other case to be adjudicated first; thereafter, the Court may revive the suit if anything is left to be litigated.[15]

Here, it will be appropriate to stay the proceedings temporarily in this Second Action because:

(1)    The Plaintiffs are asserting identical Carmack Amendment claims and negligence claims in both the May 2011 Action and in this Second Action, and

---

[14] *King v. Olympic Pipeline Co.,* 104 Wn.App. 338,348, 16 P.3d 45 (2000). *See also Marcus v. Marcus,* 3 Wn.App. 370, 372, 475 P.2d 571 (1970).

[15] *Conrad v. West,* 98 Cal.App.2d 116, 219 P.2d 477 (1950) [held, it was an abuse of discretion for the State Court to have refused to stay a state action pending final determination of an earlier-filed action in Federal Court]. *See also Sparrow v. Nerzig,* 228 SC. 277, 286, 89 S.E. 2d 718 (1955) [held, it was an abuse of discretion for the trial Court to have refused to stay State Court proceedings pending final resolution of the parties' action in the Federal Court, even though the Federal Court action had been initiated after the state action].

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 9



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

671133.03

30

Coyote also is asserting those identical claims against CP Transport in Coyote's Third-Party Complaint in the May 2011 Action.

(2)    There is no justifiable reason for this Court to allow the Plaintiffs to engage in forum shopping, especially inasmuch as no party will be prejudiced in any way if the Federal Court adjudicates all of the parties' previously-filed claims and third–party claims in one action.

(3)    It would be inequitable and unnecessarily expensive to require CP Transport and Coyote to defend the same claims in two different Courts.

(4)    It will serve judicial economy and save judicial resources if this Court prevents the Plaintiffs from engaging two different Courts, each with scant resources and heavy case loads, to administer two separate actions involving the same parties, the same facts and the same sets of claims.

(5)    Staying this Second Action will prevent the undesirable possibility of the Plaintiffs obtaining inconsistent judgments against the same Defendants on the same claims in the Federal and State Courts.

## 6.    CONCLUSION

To summarize, Coyote is entitled as a matter of right under Civil Rule 24(a)(2) to intervene as a Defendant and Third-Party Plaintiff, inasmuch as: (1) Coyote cannot rely upon CP Transport to protect Coyote's interest with respect to the Plaintiffs' statutory and negligence claims, and (2) the Court's disposition of the Plaintiffs' statutory and negligence claims in this action may as a practical matter impair or impede Coyote's ability to protect itself against the Plaintiffs' identical claims against Coyote in the May 2011 Action.

Coyote additionally is entitled under Civil Rule 24(b)(2) to intervene pursuant to Civil Rule 24(b)(2) because Coyote's claims, defenses and third-party claims have questions of law and fact in common with the claims asserted by the Plaintiffs in this case.

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 10



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

671133.03

1   Coyote therefore urges the Court to grant Coyote's Motion and allow Coyote to file

2 and serve its proposed Answer, Affirmative Defenses and Third-Party Complaint, which is

3 attached as **Exhibit 8** to the accompanying Ruhl Declaration pursuant to Civil Rule 24(c).

4       **7.**  **PROPOSED ORDER**

5  A proposed Order granting Coyote's Motion accompanies this Motion.

6  DATED this 13th day of December, 2011.

7       RYAN, SWANSON & CLEVELAND, PLLC

8

9       By _John R Ruhl_

10       John R. Ruhl, WSBA #8558
        Attorneys for Intervenor
11       Coyote Logistics, LLC

12       1201 Third Avenue, Suite 3400
        Seattle, Washington  98101-3034
13       Telephone: (206) 464-4224
        Facsimile: (206) 583-0359
14       ruhl@ryanlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

COYOTE LOGISTICS, LLC'S
MOTION TO INTERVENE - 11

671133.03



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

FILED

11 DEC 13 AM 11:27

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-40771-3 SEA

Honorable Theresa B. Doyle
Motion Consideration Date:  December 21, 2011
No Oral Hearing Requested

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| AMAZON.COM, INC., and AMAZON FULFILLMENT SERVICES, INC., Delaware corporations,<br><br>Plaintiffs,<br><br>v.<br><br>CP TRANSPORT, INC., a Florida corporation,<br><br>Defendant. | NO. 11-2-40771-3 SEA<br><br>**DECLARATION OF JOHN R. RUHL IN SUPPORT OF COYOTE LOGISTICS, LLC'S MOTION TO INTERVENE** |

I, John R. Ruhl, declare as follows:

1.    I am one of the counsel for Intervenor Coyote Logistics, LLC ("**Coyote**").  I am making this declaration in support of Coyote's motion to intervene in this case as an additional defendant.  Attached to this Declaration are the following items:

2.    **Exhibit 1:**  A copy of the plaintiffs' Complaint filed in King County Superior Court case no. 11-2-17491-3 SEA (the "**May 2011 Action**").

3.    **Exhibit 2:**  A copy of the Notice of Removal to Adverse Party and Superior Court, which Coyote filed in the King County Superior Court in the May 2011 Action.

4.    **Exhibit 3:**  A copy of Coyote's Answer, Affirmative Defenses and Third-Party Complaint Against CP Transport, Inc., which Coyote filed in the May 2011 Action after it had

DECLARATION OF RUHL
IN SUPP. OF MOTION TO INTERVENE- 1



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

671254.01

been removed to the U.S. District Court for the Western District of Washington as case no. 2:11-cv-01015-RSL.

5.      **Exhibit 4:**  A copy of the plaintiffs' First Amended Complaint, which the plaintiffs filed in the May 2011 Action.

6.      **Exhibit 5:**  A copy of Coyote's Answer and Affirmative Defenses to the Plaintiffs' Amended Complaint and Coyote's Third-Party Complaint Against CP Transport, Inc., which Coyote filed in the May 2011 Action.

7.      **Exhibit 6:**  A copy of the Minute Order Setting Trial Date and Related Dates, which U.S. District Court Judge Robert S. Lasnik filed in the May 2011 Action.

8.      **Exhibit 7:**  A copy of the plaintiffs' Complaint filed in this action, case no. 11-2-40771-3 SEA (the "**Second Action**").

9.      **Exhibit 8:**  Coyote's Proposed Answer and Affirmative Defenses to Plaintiffs' Complaint and Third-Party Complaint Against CP Transport, Inc.

10.     I declare, under penalty of perjury under the laws of the State of Washington, that the foregoing statements are correct, and that I have signed this declaration on the date indicated below in Seattle, Washington.

DATED: December 12, 2011.

John R. Ruhl

DECLARATION OF RUHL
IN SUPP. OF MOTION TO INTERVENE- 2



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

# Exhibit 1

**FILED**

11 MAY 13 PM 2:33

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-17491-3 SEA

1

2

3

4

5

6

7

8

9

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

10

11  | AMAZON.COM, INC. and AMAZON
12  | FULLFILLMENT SERVICES, INC., Delaware
    | Corporations,

Cause No.:

**COMPLAINT**

13  |         Plaintiffs,

14  |            v.

15  | COYOTE LOGISTICS, LLC, a Delaware
16  | Limited Liability Company

17  |         Defendant.

18

19  Plaintiffs, Amazon.com, Inc. ("Amazon") and Amazon Fulfillment Services, Inc. ("AFSI"), for

20  their Complaint against the above-named defendant, allege upon information and belief:

21  <u>**JURISDICTION AND VENUE**</u>

22       1.    Jurisdiction and venue in this matter are conferred by RCW 2.08.010 and RCW

23  4.12.025(3), and venue is further conferred by section 10.2 of the "Transportation Agreement" entered

24  into by the parties or their predecessors on or about August 13, 2007, and later amended in writing by

25  the parties on or about August 31, 2009 (hereafter "Agreement"), a copy of which is attached hereto as

26  Exhibit "A" and incorporated herein as if fully set forth.

COMPLAINT - 1

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

**PARTIES**

2.      At all times hereinafter mentioned, Amazon and AFSI were and are Delaware corporations authorized to do business, and doing business, in the State of Washington, and having their principal place of business in Seattle, Washington. Amazon and AFSI are affiliates of each other and are parties to the Agreement with defendant.

3.      At all times hereinafter mentioned, defendant COYOTE LOGISTICS, LLC ("Coyote") was and is a Delaware limited liability company with offices in Mountlake Terrace, Washington. Coyote is the successor in interest to General Freight Services, Inc. ("General"), a Georgia corporation. Coyote does business within the State of Washington, has agreed pursuant to section 10.2 of the Agreement to subject itself to the jurisdiction of the courts of King County, Washington, and this lawsuit arises out of business that Coyote has conducted with Amazon in the State of Washington pursuant to the Agreement.

**FACTS**

4.      On or about August 13, 2007 AFSI and General entered into the Agreement. On or about August 31, 2009 AFSI and Coyote entered into a written amendment of the Agreement that, among other things, identified Coyote as the successor in interest to General, and formalized Amazon's and AFSI's consent to transfer of the Agreement by operation of law from General to Coyote.

5.      Pursuant to the Agreement, Coyote agreed to transport by truck Amazon's goods to certain specified locations within the United States, as well as to perform other enumerated related services, at prices set forth in the Agreement and its amendment.

6.      Section 7 of the Agreement specifically addressed Coyote's liability to Amazon in the event of damage, loss or theft of Amazon's goods. Paragraph 7 provides:

Company [Coyote] will in no event be liable for any loss, theft or damage to goods for any amount in excess of two hundred fifty thousand dollars ($250,000) per container *except to the extent such loss or damage is attributable to the negligence or misconduct of Company or any of its employees, representatives, agents, affiliates or subcontractors (including Carriers).* Amazon has the option of paying a special

COMPLAINT - 2

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

compensation to increase the liability of Company [Coyote] in excess of the amount per shipment specified in above [sic] in case of any loss, theft or damage from causes which would make Company [Coyote] liable, but such option can be exercised only by specific written agreement made with Company [Coyote] prior to shipment, which agreement will indicate the limit of the Company's [Coyote's] liability and the special compensation for the added liability by it to be assumed.  [Emphasis added]

7.     On or about November 24, 2009 in Sumner, Washington, Coyote's subcontracted carrier, CP Transport Inc., took possession of a 53 foot long container loaded with a cargo of Amazon's goods and signed bill of lading number 11242009-3, confirming receipt of the goods in good order.

8.     After receiving and signing for the cargo, the truck driver departed Sumner, Washington driving a 1996 Freightliner tractor with Florida license plate 76966F, identified as truck number 443, and hauling the 53 foot container on a trailer bearing Florida license plate 5581CE, identified as trailer number 6016.

9.     On or about November 28, 2009 at or about shortly after midnight, the truck and trailer were parked at a truck stop in Troy, Illinois and left by the driver unlocked, running and unattended for approximately one and a half hours. When the driver returned to where he had left the truck, trailer and cargo, it was gone and he reported it stolen to the Troy Police Department.

10.     After the loss was reported, Amazon and its insurers incurred reasonable investigation expenses in an effort to mitigate their losses by locating and recovering the stolen goods. With the help of private investigators and law enforcement agencies in South Florida, a quantity of the stolen goods was recovered, some of which were damaged and required refurbishment.

11.     After deducting the fair market value of the recovered undamaged goods, and the fair market value of the recovered damaged goods that were refurbished, Amazon's cargo loss was mitigated to ONE MILLION FOUR HUNDRED FIFTY FOUR THOUSAND THREE HUNDRED FORTY SIX DOLLARS ($1,454,346.00), which represents the fair market value of the missing goods

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

plus the lost market value of the damaged goods (eight units in all) that were refurbished. Additionally, Amazon and its insurers incurred reasonable costs of investigating, recovering and shipping the recovered goods. The remaining stolen goods were not located and are still missing.

12.     On or about January 28, 2010, Amazon timely provided written notice of claim to Coyote pursuant to 49 U.S.C. § 14706(e) and 49 C.F.R. § 370.3, but Coyote has since failed and refused to pay the claim. The amount sought in this lawsuit is less than the amount initially claimed by Amazon because, as alleged in paragraphs 10 and 11 above, a portion of the stolen cargo was located and recovered subsequent to providing written notice of claim to Coyote.

## FIRST CAUSE OF ACTION:
### [CLAIM FOR LOSS 49 U.S.C. § 14706]

13.     Amazon re-states, re-alleges and incorporates by references as though fully set forth herein, paragraphs 1 – 12 of the Complaint.

14.     Coyote agreed pursuant to the Agreement to transport the goods for Amazon.

15.     Amazon delivered the cargo to Coyote or its employees, representatives, agents, affiliates or subcontractors, including carriers, in good condition.

16.     Coyote or its employees representatives, agents, affiliates or subcontractors, including carriers, confirmed receipt of the cargo in good condition by signing bill of lading number 11242009-3.

17.     As a result of the negligence and/or misconduct of Coyote or its employees, representatives, agents, affiliates or subcontractors, including carriers, Amazon's cargo was stolen and Amazon suffered damages in the amount of ONE MILLION FOUR HUNDRED FIFTY FOUR THOUSAND THREE HUNDRED FORTY SIX DOLLARS ($1,454,346.00), plus reasonable costs of investigating, recovering, repairing and shipping the recovered goods, plus freight for the original carriage, in a total amount to be determined at trial.

18.     Under 49 U.S.C. § 14706(a)(1) and the Agreement, Coyote is liable to Amazon for the

COMPLAINT - 4

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

full, actual loss or injury to Amazon due to the theft of its goods as measured by their fair market value at destination because their loss is attributable to the negligence and/or misconduct of Coyote or its employees, representatives, agents, affiliates or subcontractors, including Carriers.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendant as follows:

1.    For damages in an amount to be determined at the time of trial;

2.    For prejudgment and post-judgment interest in an amount allowed by law;

3.    For attorneys' fees, costs and expenses of suit as allowable by law; and,

4.    For such other relief as the Court may deem just and proper.

DATED this _15th_ day of May, 2011.

NICOLL BLACK & FEIG PLLC

_[signature]_

Christopher W. Nicoll, WSBA No. 20771
Larry E. Altenbrun, WSBA No. 31475
Counsel for Plaintiffs

COMPLAINT - 5

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515